UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

In the Matter of Subpoenas to Wisconsin
Energy Corporation and the Wisconsin
Energy Corporation Retirement Account Plan

---

LAWRENCE G. RUPPERT, et al.,

                        Plaintiffs,

                                                                              Case No. 10-MC-7

      -vs-

ALLIANT ENERGY CASH BALANCE
PENSION PLAN,

                        Defendant.

---

## DECISION AND ORDER

---

This matter comes before the Court on a motion to quash nonparty subpoenas issued to Wisconsin Energy Corporation and Wisconsin Energy Corporation Retirement Account Plan (collectively, "WE"). The subpoenas were initiated by plaintiffs' counsel in a case currently pending in the Western District of Wisconsin, *Ruppert, et al. v. Alliant Energy Cash Balance Pension Plan*, No. 3:08-CV-00127-bbc (W.D. Wis.). Also before the Court is plaintiffs' motion to transfer this discovery dispute to the Western District of Wisconsin.

On February 10, Magistrate Judge Crocker held a telephonic hearing on a motion for a protective order filed by the defendants in the Western District case, Alliant Energy Cash Balance Pension Plan. Judge Crocker denied the defendant's motion and also commented

on the pending motions to quash and compel here in the Eastern District.[1]  Interestingly, plaintiffs' counsel stated that he "goofed" when he initiated subpoenas in Milwaukee as opposed to Madison.  *See* D. 8-1, Transcript of February 10 Telephonic Hearing at 18.  WE is located in Milwaukee, only 80 miles from Madison, so the subpoenas could have been issued out of Madison.  *See* Fed. R. Civ. P. 45(b)(2)(B).  Even so, what's done is done.  The Western District cannot quash these subpoenas.  The sole authority to quash rests with the issuing court.  *See* Fed. R. Civ. P. 45(c)(3)(A); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas").  Moreover, the Seventh Circuit does not recognize a "discretionary authority to transfer discovery motions to the forum where the underlying litigation is proceeding."  *Kearney v. Jandernoa*, 172 F.R.D. 381, 382-83 (N.D. Ill. 1997) (citing *In the Matter of Orthopedic Bone Screw Prods. Liability Litigation*, 79 F.3d 46, 48 (7th Cir. 1996)); *see also WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006) ("district courts in the Seventh Circuit disfavor transferring Rule 45 motions to quash except in the instance of multidistrict litigation"); *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 122 n.4 (N.D. Ind. 2001) ("while some district courts in this Circuit view such transfers as discretionary, the Seventh Circuit frowns on the practice").  Therefore, plaintiffs' motion to transfer must be denied.

However, Judge Crocker is intimately familiar with what appears to be an exceedingly contentious litigation.  It would be far more efficient for Judge Crocker to resolve this discovery dispute.  One solution is for the Court to stay its decision on the motion to quash

---

[1] Two other miscellaneous actions relating to the Western District case are pending here in the Eastern District before Judge Adelman, Nos. 10-mc-9 and 10-mc-10.

and invite WE to file a motion for a protective order in the Western District. *See* Fed. R. Civ. P. 26(c)(1); *Sealed Case*, 141 F.3d at 342 (the "rules may well allow similar abstention on a motion to quash, followed by deference to the trial court's decision on a motion for a protective order"); *Kearney*, 172 F.R.D. at 383-84 (ordering that the moving party should file a motion for a protective order in the trial court and stating that the court will "issue a ruling not inconsistent with the ruling" of the trial court). This solution is appealing, but the Court cannot force WE to submit to the jurisdiction of the Western District. In fact, WE probably does not want to proceed in the Western District in light of Judge Crocker's strong hints that he would not rule in their favor. Despite the strategic implications, it seems wasteful to involve this Court in a discovery dispute because of a procedural "goof,"[2] especially when the amount of time and effort already spent on the case in the Western District lends itself to a quicker and easier resolution.

This may be a naive request, but the Court encourages WE to file a motion for a protective order before Judge Crocker. If WE is not inclined to do so, the Court will do its best to resolve this discovery dispute on its merits. If WE elects to proceed in the Western District, the Court will stay its decision, await word on a ruling, and issue an order that is consistent with that ruling.

---

[2] As an aside, the Court agrees with Judge Crocker's assessment that the plaintiffs did not intend to proceed in the Eastern District. "[E]ven if we were to attribute a scienter to Mr. Gottesdiener or his law firm, I can't think of the upside to them of proceeding in this fashion because all its done is slow things down and make it harder for them to get what they want. So I can't imagine why he would have done this on purpose." D. 8-1, Tr. at 18-19.

-3-

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' motion to transfer this matter to the Western District of Wisconsin [D. 5] is **DENIED**; and

2. WE should inform the Court whether it intends to proceed in the Western District on or before **February 22, 2010**.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2010.

          **SO ORDERED,**

          *s/ Rudolph T. Randa*
          **HON. RUDOLPH T. RANDA**
          **U.S. District Judge**